IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| TIMOTHY WALLACE, ) | |
| ) | |
| ADC # 139107 ) | **Case No. 5:11-CV-00053 JLH-JTK** |
|     Petitioner, ) | |
| v. ) | |
| ) | |
| RAY HOBBS, Director, ) | |
| Arkansas Department of Correction ) | |
|     Respondent. | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Timothy Wallace on March 7, 2011. Doc. No. 2.  A response was filed by Respondent Ray Hobbs on April 5, 2011. Doc. No. 14.  Petitioner filed a reply on October 13, 2011. Doc. No. 17.  After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Petitioner placed a call to 911 around 2:30 a.m. on June 26, 2005, indicating that he had shot his former wife, Brandy Wallace, and her male acquaintance, Billy Hassel.  This call lasted several hours, and Petitioner repeatedly threatened to commit suicide and refused to divulge his location.  He was eventually located and apprehended by the police.

During the subsequent interrogation, Petitioner offered several different reasons for his

return to the formal marital home. He also alleged that he shot Billy in self-defense and that he accidentally shot Brandy during a fight, which resulted from the two attacking him when he was trying to leave. A medical examiner later testified that Brandy had suffered four gunshot wounds (possibly from three bullets) and that Billy had suffered three such wounds in addition to blunt force trauma.

On June 14, 2007, a Saline County (Arkansas) Circuit Court jury convicted Petitioner of two counts of capital murder. During the trial, a tape of Petitioner's conversation with 911 operators was played for the jury, and they were also provided with transcripts of the conversation. At some point, one of the jurors was inadvertently provided with the prosecutor's annotated copy of the transcript. When this was discovered, Petitioner's counsel moved for a mistrial, and the juror that received the annotated copy was called into chambers. The juror indicated that no other jurors had seen the transcript and that there had been no discussion of the annotations. The juror was excused from the jury, and counsel withdrew the motion for mistrial.

Petitioner subsequently appealed his conviction to the Arkansas Supreme Court, arguing that the trial court erred by denying his motions 1) to suppress statements he made during the 911 call, 2 for a continuance, 3) for a change of venue, 4) for a mistrial after learning that the juror was given the annotated copy of the transcript, 5) to suppress his statement to the police, and 6) for a directed verdict. His conviction was affirmed on February 26, 2009. *Wallace v. State*, 2009 Ark. 90, 302 S.W.3d 580.

On April 21, 2009, Petitioner sought postconviction relief pursuant to Ark. R. Crim. P. 37.1, arguing that his due process rights were violated and that his counsel was ineffective because he withdrew the motion for mistrial, failed to poll the remaining jurors, and did not raise an argument of improper influence. That petition was denied on April 30, 2009. Petitioner's

subsequent appeal to the Arkansas Supreme Court was denied on December 9, 2010. *Wallace v. State*, 2010 Ark. 485, 2010 WL 5059600.

## Discussion

Petitioner argues that he is entitled to relief because 1) he received ineffective assistance of counsel, 2) there was prosecutorial misconduct, and 3) he is actually innocent of the charges. The current petition is timely, and there are no non-futile state remedies remaining.

### I. Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance because his counsel withdrew the motion for mistrial after the affected juror was excused. As noted above, this argument was previously rejected by the Arkansas Supreme Court.

Federal courts may only overturn a state adjudication through habeas if it resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Arkansas Supreme Court correctly identified the *Strickland* standard as the appropriate rule for reviewing Petitioner's ineffective assistance claims. *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, the Arkansas Supreme Court must have unreasonably applied *Strickland* to the facts of Petitioner's case for him to be entitled to any federal habeas relief. *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) ("A state court decision involves an 'unreasonable application' when it identifies the correct legal rule, but unreasonably applies it to the facts."). It is important to note that "[a] state court's application of clearly established federal law must be objectively *unreasonable*, not merely incorrect, to

warrant the granting of a writ of habeas corpus." *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011).

In order to receive relief from the Arkansas Supreme Court, Petitioner was required to show both that his counsel provided deficient assistance and that there was prejudice as a result. *Strickland*, 466 U.S. 668. To establish deficient performance, he must have demonstrated that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Courts must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. Petitioner bore the burden of showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. With respect to prejudice, Petitioner must have demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Aside from speculation that other jurors could have seen the annotated copy of the transcript during breaks, Petitioner primarily relies on the following portion of the trial transcript, which concerns the judge's discussion with the affected juror during the conference in chambers:

> **THE COURT:** Did you say anything to anyone about what was in those notes, the transcript or anything? Did you discuss that at all with anyone? No other juror to your knowledge had any reason to know there were notes on there, is that correct?
>
> **MS. ALDERSHOF:** Yes.

Resp. Ex. 6, at 8, Doc. No. 14. According to Petitioner, Ms. Aldershof's response creates a presumption that she told other jurors about the annotations and that she showed them the transcript. This is not a particularly reasonable conclusion because the third question conflicts with the previous two and an answer of "yes" to all three questions would not make sense. Further, the following exchange took place between the prosecutor and judge at a later point in the conference.

> **MS. ROBERTSON:** Just to state on the record, that no other juror has seen that copy of the transcript.
>
> **THE COURT:** Well, all the other jurors confirmed that. [Ms. Aldershof] confirmed that as best I can tell.

*Id.* at 10. Although the portion of the transcript concerning Ms. Aldershof's answers is not as clear as it should be, this is likely the result of her answering by shaking her head, poor court reporting, or both. Thus, counsel's withdrawal of the motion for mistrial was reasonable because the motion was meritless after the only juror that was affected by the mistake was excused.

Even if it is assumed that counsel's withdrawal of the motion fell below an objective standard of reasonableness, Petitioner failed to demonstrate any resulting prejudice that deprived him of a fair trial, a trial whose result is reliable. There is nothing to indicate that any other jurors were made aware of the annotated copy. Further, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is doubly difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential.'" *Id.* at 788. "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness

under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* The Court sees no basis for finding that the Arkansas Supreme Court's application of *Strickland* was unreasonable; thus, Petitioner's claim is denied.

## II. Prosecutorial Misconduct

The Court will not address the merits of Petitioner's argument concerning prosecutorial misconduct because he failed to properly present it to the state courts. Although Respondent does not raise any arguments regarding a procedural bar, the Court may raise such issues *sua sponte*. *See Granberry v. Greer*, 481 U.S. 129, 133 (1987) (holding that federal appellate courts have discretion to consider a state prisoner's failure to exhaust available state remedies even if this argument was not raised at the district level); *Day v. McDonough*, 547 U.S. 198, 199 (2006) (holding that district courts have discretion to decide whether to dismiss a case on statute of limitations grounds or by reaching the merits and that this aligned "the statute of limitations with other affirmative defenses to habeas petitions, notably exhaustion of state remedies [and] procedural default"); *Cagle v. Norris*, 474 F.3d 1090, 1098 (8th Cir. 2007).

A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those

remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner's sole argument regarding his procedural default is one of actual innocence. "To fall within the fundamental-miscarriage-of-justice exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). The only evidence Petitioner has provided is an allegation that he went to his wife's house because she was looking for companionship and that he was met with an attack when he arrived. This is not new evidence, and it is contradicted by the majority of the evidence presented at trial.[1] Accordingly, Petitioner's claim is procedurally barred from federal consideration.

This argument also lacks merit because Petitioner must demonstrate that any purported prosecutorial misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). As

---

[1] The following is a brief summary of the evidence that prevents his current allegations from meeting the fundamental-miscarriage-of-justice exception's stringent standard: Petitioner changed his story multiple times during the police interrogation; Brandy was clutching her car keys, was shot multiple times from very close range, appeared to have been using her phone, and had previously called 911 because Petitioner was at her house with a gun; Billy was shot multiple times from behind and was possibly against a wall or on the ground; Petitioner did not display any defensive wounds; Petitioner fled both immediately after the murders and months later after he was released on bond; and there was no evidence to indicate the victims had any kind of weapons.

noted above, Petitioner has failed to demonstrate any constitutionally significant prejudice that resulted from the prosecutor inadvertently giving the juror an annotated copy of the transcript. *Darden v. Wainwright*, 477 U.S. 168, 181-82 (1986).

### III. Actual Innocence

Petitioner appears to argue that he is entitled to habeas relief because he is actually innocent of the crime for which he was convicted.[2] He does not deny killing the two victims, but he does contend that the killings were justifiable self-defense. In particular, Petitioner alleges that the two were lying in wait for him so that they could kill him and collect under his life insurance policy, but he has not provided any factual support for these allegations.[3]

Petitioner essentially contends that the jury erred when it failed to accept his self-defense claims, but a state court's "determination of a factual issue . . . shall be presumed to be correct," and he bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). As discussed above, Petitioner has not presented any evidence to rebut the jury's findings regarding his self-defense claims. Accordingly, his claim cannot succeed.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The

---

[2] Even if it is assumed that there is a freestanding claim of innocence through habeas corpus, Petitioner's claims are without merit.

[3] Rule 2(c)(2) of the Rules Governing Section 2254 Cases requires that petitions "state the facts supporting each ground" for relief. "[T]he habeas petition, unlike a complaint, must allege the factual underpinning of the petitioner's claims." *McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in part and dissenting in part). In fact, Rule 4 of the Rules Governing Section 2254 Cases requires that courts dismiss petitions when it is plainly apparent that the petitioner is not entitled to relief. Courts routinely dismiss claims that are merely conclusory and speculative. *See, e.g.*, *McDonald v. Bowersox*, 101 F.3d 588, 596 n.7 (8th Cir. 1996) ("On their face, [petitioner's] bare assertions have failed to state a cognizable . . . claim entitling him to habeas relief.").

relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 14th day of June, 2012.

_____
United States Magistrate Judge